ELLIS, Judge.
Jessie Johnson was employed on a casual basis by Manpower of Baton Rouge, Inc., beginning in January, 1967. He worked steadily until the week ending July 16, 1967. He worked eight hours on July 17. On July 18, 19, 20, and 24, he was called to go to work but said that he had no transportation. On July 27, he worked eight hours. On July 28, he worked five hours. He was called on August 6, and August 11, but reported that he was sick. He worked eight hours on August IS. On August 16, he was called, but advised that he could not work because his wife was sick. On August 17, he was called, but was in New Orleans because of his wife’s illness. He was not called for work thereafter by Manpower.
In January, 1968, Johnson filed an application for unemployment compensation. On February 5, 1968, Manpower wrote the Division of Employment Security protesting Johnson’s claim. The letter stated that Manpower had work for him and had tried to contact him, and asked that he be advised to come to work. On February 21, 1968, it was determined that Johnson was not disqualified for benefits under the law. On February 28, the decision was appealed by Manpower to an appeals referee. The basis for the appeal is as follows:
“I need claimant to work for me. I have repeatedly called him requesting him to come to work. He frequently says he has to stay home with sick wife.”
On March 13, a hearing was held by the appeals referee, who affirmed the agency determination. On March 25, 1968, the decision of the appeals referee was appealed to the Board of Review of the Division of Employment Security. On May 7, 1968, the Board of Review adopted and affirmed the decision of the appeals referee.
The findings of fact and the opinion of the appeals referee, which were adopted by the Board of Review, read as follows:
“FINDINGS OF FACT
“The claimant worked for this employer as a casual labor, earning $1.40 an hour. He worked only when called and had no regular hours to report. He last worked eight hours on August 15, 1967, and has not been called since August 17, 1967. The employer contends he was called but they were never able to get him. He has not received any calls for work since August 17, 1967.
“OPINION
“R.S. 23:1601(1) provides that a claimant shall be disqualified for leaving employ *342 ment without good cause connected with the employment. Such disqualification shall continue until such time as the claimant has returned to employment and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under non-disqualifying circumstances.
“The claimant was a casual laborer for this employer and worked only when he was needed. There is insufficient evidence to show that he left this employment as he has not been called to work since August 17,1967. The determination of the Agency is correct.
“IT IS ORDERED That the determination of the Agency be Affirmed.”
This suit was filed on May 15, 1968, asking for judicial review of the decision of the Board of Review. The district judge found that there had been no affirmative finding as to Johnson’s “availability for work or his industry in seeking employment”. He found that before making a finding that the claimant was not disqualified for benefits, an affirmative finding of eligibility under the law must be made. He found that Johnson was therefore ineligible for unemployment compensation benefits and reversed the decision. The Administrator of the Division of Employment Security has appealed that judgment.
The main argument advanced by the Administrator is that it was not necessary that the question of eligibility of the employee be made since that question was not raised by the employer in his opposition to the employee’s application. It is his position that the determination of eligibility must be made only if it is placed at issue.
R.S. 23:1600, which deals with eligibility, reads in part as follows:
“An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:
“(1). He has made a claim for benefits in accordance with the provisions of R.S. 23:1621 and R.S. 23:1622.
“(2). He has registered for work at, and thereafter has continued to report at, an employment office in accordance with such regulations as the administrator may prescribe. The administrator may, by regulation, waive or alter either or both of the requirements of this Section as to such types of cases or situations with respect to which he finds that compliance with such requirements would be oppressive, or would be inconsistent with the purposes of this Chapter; but no such regulation shall conflict with R.S. 23 :- 1591.
“(3). He is able to work, and is available for work.”
No finding of eligibility was made. We see nothing in the law which allows the Division of Employment Security to ignore the language of the above article, which requires an affirmative finding of eligibility.
R.S. 23 :1634, which deals with judicial review of these matters, and the appeal thereof, provides that the courts may order that additional evidence be taken before the Board of Review. We think that the ends of justice would best be served by remanding this case to the Board of Review for the purpose of receiving evidence on the question of the eligibility of the employee, and for final decision after such evidence has been received.
The judgment appealed from assessed costs against Jessie Johnson. This is prohibited by R.S. 23:1692.
The judgment appealed from is reversed and the case is remanded to the Board of Review for the Division of Employment Security for further proceedings in accordance with this opinion.
Reversed and remanded.